**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Livia d/b/a ECS, Inc., | ) | CASE NO. 1:17 CV 2235 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Sly, Inc., | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Court upon Defendant Sly, Inc.'s Motion to Dismiss for Failure to State a Claim Or, Alternatively, For a More Definite Statement (Doc. 6). This is a copyright infringement action. For the reasons that follow, Defendant's motion is GRANTED, and Plaintiff's complaint (Doc. 1) is DISMISSED.

## FACTS

Pro se Plaintiff Livia d/b/a ECS, Inc.[1] brings this lawsuit against Defendant Sly, Inc., alleging copyright infringement under 17 U.S.C. §§ 501-504. Plaintiff also references 15 U.S.C.

---

[1] Plaintiff identifies herself in the Complaint as Livia Dinu, the owner of Engineering Custom Solutions, Inc. ("ECS, Inc.").

Chapter 107 as a basis for the Court's jurisdiction over her claim.

Plaintiff alleges that she is the author of a "digital business tool" for which she owns a copyright. (Doc. 1, ¶¶ 3, 4(a)). According to Plaintiff, she created this work while working for Defendant, Sly, Inc. (Doc. 1, ¶ 4(b)-(c)). She claims that after she stopped working for Defendant, she incorporated ECS, Inc. and "pursued the intellectual property route." *Id.* at ¶ 4(d). Plaintiff alleges that the digital business tool she developed is used "in the sales process of Sly, Inc. products." *Id.* at ¶ 4(a). She also states that a "training manual" was tested and completed for Defendant's use that was "based on [her] proof-of-concept manuscript." *Id.* at ¶ 4(c). Plaintiff has asked the Court to grant her the authority to exercise her copyright via injunction, and for damages.

Defendant filed a motion to dismiss under Rule 12(b)(6), arguing that Plaintiff failed to set forth any allegations of copying and did not state a cognizable claim for relief under copyright law. In the alternative, Defendant requested that the Court order Plaintiff to file a new complaint presenting a more definite statement so that Defendant can adequately respond.

**STANDARD OF REVIEW**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek*

*Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997)). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

## **ANALYSIS**

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff has not alleged the elements necessary to sustain a claim for copyright infringement or any other cause of action. The Copyright Act gives copyright owners exclusive rights to reproduce, prepare derivative works from, distribute, and publicly perform or display a copyrighted work. 17 U.S.C. § 106. The Act also allows "the legal or beneficial owner of an exclusive right under a copyright . . . to institute an action for any infringement of that particular right." 17 U.S.C. § 501(b). To prevail on a copyright infringement claim, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Severe Records, LLC v. Rich*, 658 F.3d 571, 579 (6th Cir. 2011) ("[T]o succeed in a copyright infringement action, a

plaintiff must establish that he or she owns the copyrighted creation, and that the defendant copied it.").[2] The Sixth Circuit has held that claims of copyright infringement require greater particularity in pleading, through showing "plausible grounds," because such claims lend themselves readily to abusive litigation. *Nat'l Bus. Devel. Servs., Inc. v. American Credit Educ. and Consulting, Inc.,* 2008 WL 4772074 (6th Cir. Oct. 31, 2008).

Defendant does not challenge whether Plaintiff can establish the validity of her copyright, focusing instead on the second element required to state a claim for infringement. Defendant argues that Plaintiff failed to allege that Defendant copied any portion of her copyrighted work. Defendant also argues that Plaintiff has not adequately indicated which of Defendant's products infringed on her copyright, or how the products did so. Plaintiff does not address these arguments in her Opposition.

The Court agrees that Plaintiff has not adequately alleged that Defendant copied her work. Plaintiff alleges that she "learned about [Defendant's] products of subject registration," and that a "training manual" was "based on [her] proof-of-concept manuscript . . . and the Copyright here claimed." (Doc. 1, ¶¶ 4(b)-(c)). These allegations are not sufficient to support Plaintiff's conclusion that Defendant infringed her copyright. As Defendant points out, copyright protection does not extend to concepts or ideas. *See* 17 U.S.C. § 102(b). Moreover, Plaintiff has not alleged any specific facts describing her copyrighted work, Defendant's alleged

---

[2] The Court also recognizes that "where there is no direct evidence of copying, a plaintiff may establish an inference of copying by showing (1) access to the allegedly-infringed work by the defendant . . . and (2) a substantial similarity between the two works at issue." *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 814 (6th Cir. 2008) (internal citations omitted). However, Plaintiff has not described her work or Defendant's products in any level of detail to determine whether any 'substantial similarity' exists.

infringing work, or any instances of copying. As such, Plaintiff's infringement claim must be dismissed. *See Severe Records*, 658 F.3d at 583 (affirming 12(b)(6) dismissal of copyright infringement claim where the complaint did not allege any improper copying); *Nat'l Bus. Develop. Servs., Inc.,* 2008 WL 4772074 at *2 (affirming 12(b)(6) dismissal of infringement claim where plaintiff did not identify defendants' infringing work or provide a description of the manner in which defendants' work infringed upon plaintiff's work).

Plaintiff also cites 15 U.S.C. Chapter 107 as a basis for the Court's jurisdiction, and references Cyberpiracy in her Opposition (Doc. 9, ¶ 5). Chapter 107 consists of two subchapters: Subchapter I (Coordination and Strategic Planning of Federal Effort Against Counterfeiting and Infringement) and Subchapter II (Cybersquatting Protection). The Court has not found any basis for a private cause of action in Subchapter I. Subchapter II (15 U.S.C. § 8131) provides:

> Any person who registers a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's consent, with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party, shall be liable in a civil action by such person.

There is no allegation in Plaintiff's complaint relating to domain name registrations, and no facts that would otherwise support a cause of action under this section.

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). Even construing Plaintiff's complaint liberally, there are no facts alleged that sufficiently state a claim for copyright

infringement.  Further, Plaintiff has not alleged facts that give Defendant fair notice of the grounds upon which Plaintiff's claim rests.  For these reasons, and because the Court has not been provided with any basis upon which to order a more definite statement, Plaintiff's complaint must be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendant Sly, Inc's Motion to Dismiss For Failure to State a Claim Or, Alternatively, For a More Definite Statement (Doc. 6) is GRANTED, and Plaintiff's complaint (Doc. 1) is DISMISSED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 1/17/18